**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------

| | |
|---|---|
| **SHYHIRA JACKSON**, *individually and on behalf* : | |
| *of all others similarly-situated* : | |
| 873 Marcella Street : | |
| Philadelphia, PA 19124 : | CIVIL ACTION NO. <u>2:25-cv-04268-MAK</u> |
| : | |
| **Plaintiff**, : | |
| : | |
| **v.** : | ***JURY TRIAL DEMANDED*** |
| : | |
| **TRIPLE CANOPY, INC.** : | |
| 13530 Dulles Technology Drive, #500 : | |
| Herndon, VA 20171 : | |
| : | |
| and : | |
| : | |
| **CONSTELLIS, LLC** : | |
| 13530 Dulles Technology Drive, Suite 500 : | |
| Herndon, VA 20171 : | |
| : | |
| **Defendants.** : | |

------------------------------------------------------------

## <u>SECOND AMENDED[1] COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Plaintiff Shyhira Jackson ("Plaintiff") hereby brings this collective/class action against Defendant Triple Canopy, Inc. and Defendant Constellis, LLC (collectively, "Defendants"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay her and other similarly-situated individuals employed in the position of Security Officer or in positions with similar job duties ("Class Plaintiffs") overtime compensation owed pursuant to the requirements of and in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

---

[1]  Plaintiff amends her Complaint pursuant to Fed. R. Civ. P. 15(a)(2) "with the opposing party's written consent."

*et seq.*, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and the Philadelphia Wage Theft Ordinance ("PWTO"), Phila. Code § 9-4301 *et seq.*

2.    Specifically, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for compensable work that they were required to perform at their job site(s) at the beginning and end of their shifts including but not limited to time spent donning and doffing essential gear, time spent "arming up" and "downloading" weapons at the armory, and time spent proceeding between security gates, locker rooms, the armory, and the guard mount.

3.    Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid overtime compensation and wages which were denied to them as a result of Defendants' unlawful pay practices.

4.    Plaintiff brings this action as a representative action under the FLSA, PMWA, and PWTO for all available relief, including monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## **PARTIES**

5.    Plaintiff Shyhira Jackson is a citizen of the United States and Pennsylvania who currently resides at 873 Marcella Street, Philadelphia, PA 19124.

6.    Upon information and belief, Defendant Triple Canopy, Inc. ("Triple Canopy") is a for-profit corporation, formed in Illinois and whose principal place of business is located at 13530 Dulles Technology Drive, Suite 500, Herndon, VA 20171.

7.    Upon information and belief, Defendant Constellis, LLC. ("Constellis") is a for-profit company formed in Delaware, whose principal place of business is located at 13530 Dulles Technology Drive, Suite 500, Herndon, VA 20171.

8.      Upon information and belief, both Triple Canopy and Constellis are owned by New Constellis Holdings, Inc.

9.      Upon information and belief, Triple Canopy is a subsidiary entity of Constellis and Constellis owns, operates, and controls Triple Canopy such that Triple canopy essentially functions as a division or department of Constellis.

10.      Through Triple Canopy, Constellis conducts business and provides services in Pennsylvania.

11.      Upon information and belief, Triply Canopy abides by Constellis's ethics, conduct, and quality policies and codes, and Defendants share authority to set work rules and policies over Triple Canopy employees.

12.      Upon information and belief, Constellis determines and sets the benefits and compensation provided to Triple Canopy employees, and Defendants share control over the terms and conditions of their employment.

13.      Upon information and belief, Defendants publicly portray Triple Canopy as a department/division of Constellis, as Defendants share a website and Triple Canopy's logo and branding reads, "Triple Canopy, a Constellis Company."

14.      Upon information and belief, Defendants share control over hiring, as Constellis advertises on its website positions with Triple Canopy and applicants seeking Triple Canopy jobs must apply through Constellis website.

15.      Upon information and belief, Defendants directed job postings and advertisements into Pennsylvania, including but not limited to postings/advertisements for jobs in Philadelphia, PA.

16.     Upon information and belief, Defendants share common management, as the same individuals serve as officers individuals for both Defendants, including but not limited to Terrence Ryan, Olivia Fines, and Darin Cabral.

17.     Upon information and belief, Defendants share financial control, as Darin Cabral is Chief Financial Officer of both Defendants.

18.     Upon information and belief, Defendants share control over employee and personnel record, as Triple Canopy uses Constellis personnel forms and Plaintiff's paystubs identified both Defendants.

19.     Upon information and belief, Defendants' management, operations, business functions, supervision of employees, and control of records are entangled and coordinated.

20.     Thus, upon information and belief, Defendants constitute joint, integrated, and/or single employer(s) with respect to Plaintiff and Class Plaintiff's employment.

21.     Upon information and belief, Defendants operate in Pennsylvania including in this judicial district.

22.     Defendants jointly and individually comprise employers and entities engaged in commerce and thus are covered by the FLSA.

23.     Upon information and belief, Defendants, in the past 3 years, had annual dollar volume of sales or business done of at least $500,000, and employed multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

24.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

25.     Paragraphs 1 through 24 are hereby incorporated by reference as if the same were fully set forth at length herein.

26.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

27.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

28.     Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

29.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendants do business herein, and the unlawful practices of which Plaintiff is complaining were committed herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.     Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

32.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated current and former non-exempt employees of Defendants who, at any point in the last three (3) years, held the position of Security Officer,

Security Guard, or positions with substantially similar job duties and were subject to Defendants'
policy requiring the performance of work tasks before and after the periods of time that Defendants
counted towards their total hours worked ("Class Plaintiffs").

33.     As a result of this policy, Class Plaintiffs were not paid for all hours worked and
were denied earned overtime compensation and wages.

34.     Plaintiff estimates that there are in excess of 50 other similarly-situated Security
Officers who either are working or worked for Defendants and were unlawfully denied proper
overtime compensation at 1.5 times their "regular rate" of pay for all time worked in excess of 40
in a workweek as a result of the unlawful policy and practices described herein.  The precise
number of employees can easily be ascertained by Defendants.  These employees can be identified
and located using Defendants' payroll and personnel records.  Class Plaintiffs may be informed of
the pendency of this Collective Action by direct mail and/or publication.

35.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective
action because the Class Plaintiffs are similarly-situated.   Plaintiff and Class Plaintiffs were
similarly denied proper overtime compensation at their regular rate of pay as a result of
Defendants' failure to count time they spent performing compensable work at the beginning and
end of their shifts towards their total hours worked, had the same or similar job classifications and
job duties, and were subject to the same uniform policies, business practices, payroll practices, and
operating procedures.  Further, Defendants' willful policies and practices, which are discussed
more fully in this Collective and Class Action Complaint, whereby Defendants failed to
record/track all compensable work performed by Plaintiff and Class Plaintiffs resulting in unpaid
overtime compensation, have impacted Class Plaintiffs in the same fashion.

36.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All current and former non-exempt employees of Defendants who, during the past three (3) years, held the position of Security Officer, Security Guard, or positions with substantially similar job duties and who were subject to Defendants' policy requiring them to be at their prescribed job site(s) before and after the periods of time that Defendants counted towards their total hours worked.

39.     As a result of this policy, the class was not paid for all hours worked and were denied earned overtime compensation and wages.

40.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

41.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

      a.     Whether Plaintiff and Class Plaintiffs performed compensable work under the PMWA for which Defendants failed to pay them;

      b.     Whether Defendants failed to accurately track and maintain records of all time worked by Plaintiff and Class Plaintiffs;

c.      Whether Defendants were required to pay Plaintiff and Class Plaintiffs for work performed at the beginning and end of their shifts including but not limited to time spent travelling to and from the job site security gate, time spent donning and doffing essential gear, time spent "arming up" and "downloading" weapons at the armory, and time spent walking between the locker room, armory, and guard mount;

d.      Whether Defendants improperly failed to aggregate all hours worked by Plaintiffs and Class Plaintiffs for work performed at the beginning and end of their shifts toward their total hours worked for purposes of calculating overtime compensation

e.      Whether Plaintiff and Class Plaintiffs were provided overtime compensation for *all* hours worked in excess of 40 hours per week; and

f.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

42.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a former employee of Defendants who was employed in the position of Security Officer from August 2023 until July 2025 who has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay overtime compensation.  Defendants' conduct of violating the PMWA and PWTO has affected Plaintiff and the Class in the same way.

43.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

44.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

45.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B.    Defendants, by failing to properly pay overtime compensation when it became due and owing in violation of the PMWA and PWTO, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

46.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent

and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

47.     Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48.     Plaintiff Shyhira Jackson worked for Defendants as a Security Officer from approximately August 7, 2023 through July 23, 2025.

49.     Defendants assigned Plaintiff to work at Naval Support Activity Philadelphia ("NSAP"), a United States Navy base located at 700 Robbins Avenue, Philadelphia, PA 19111.

50.     NSAP is located on property owned by the federal government, but it remains subject to state and local law.

51.     Defendants paid Plaintiff on an hourly basis, and she was non-exempt for the purposes of overtime under the FLSA and PMWA.

52.     Upon information and belief, all Security Officers employed by Defendants are non-exempt under the FLSA and PMWA.

53.     Plaintiff typically worked a shift *scheduled* from 5:15am to 1:30pm and was paid for 8.25 hours of work each shift.

54.     However, 5:15am did not mark the actual time that Plaintiff began performing compensable work for Defendants, and 1:30pm likewise did not mark the actual time Plaintiff stopped performing compensable work for Defendants.

55.     Defendants required Plaintiff to do the following at her the job site prior to 5:15am: (1) drive through the base entrance area; (2) scan identification badge with entrance guard; (3) drive to locker room facility and enter locker room; (4) don uniforms, bullet proof vests, duty belts,

10

jackets, work boots, and radios; (5) walk to the armory; (6) "arm up" by filling out weapons log, taking weapons and ammunition, loading ammunition into firearms, and performing weapons safety check; and (7) walk to the area where guard mount takes place ("pre-guard-mount activities").

56.    It is then at 5:15am that the guard mount meeting began and Defendants began counting Plaintiff's work time.

57.    Upon information and belief, Class Plaintiffs likewise were/are required to perform the same pre-guard-mount activities described above prior to attending the guard mount and prior to the start of their counted and tracked work hours.

58.    Plaintiff and Class Plaintiffs spent/spend approximately 15-20 minutes per shift performing these pre-guard-mount activities at their assigned job site(s) but Defendants did/does not count this time towards their total hours worked.

59.    Defendants instructed Plaintiff and Class Plaintiffs to mark on their time sheets that their shifts begin when the guard mount meeting begins.

60.    However, these required pre-guard mount activities were/are required by Defendants and integral and indispensable to Plaintiff's and Class Plaintiffs' principal activities.

61.    Therefore, time spent performing these pre-guard-mount activities was/is compensable working time.

62.    Indeed, Defendants indicated to Plaintiff that they consider employees to be "on post" and working the moment their identification badge is scanned at the base entrance.

63.    Plaintiff's typical shifts were *scheduled* to end at 1:30pm, though this merely marked the time in which Plaintiff was relieved from her post by the Security Officer on the next shift.

64.     Plaintiff and Class Plaintiffs were/are then required to do the following at their job site after being relieved by the next shift: (1) exit their posts and drive to the armory; (2) "download" their weapons, i.e., return weapons and ammunition and fill out weapons log; (3) walk to locker room to doff uniforms, bullet proof vests, duty belts, jackets, work boots, and radios; and (4) exit the base premises ("post-changeover activities").

65.     Plaintiff and Class Plaintiffs spend/spent approximately 10-15 minutes per shift performing these post-changeover activities but Defendants did/do not count this time towards their total hours worked.

66.     However, these post-changeover activities were/are required by Defendants and integral and indispensable to Plaintiff and Class Plaintiff's principal activities.

67.     Therefore, time spent performing post-changeover activities are compensable.

68.     Plaintiff and, upon information and belief, Class Plaintiffs typically worked/work 5 days and week and thus spent/spend approximately 2.5 hours per week performing compensable pre-guard-mount and post-changeover activities that Defendants failed/fail to count towards their total hours worked.

69.     As a result, Defendants denied/deny and/or underpaid/underpay Plaintiff and Class Plaintiffs earned overtime compensation.

70.     For **example**:

  a.   During the workweek of January 22, 2024 through January 26, 2024, Plaintiff performed approximately 43.75 hours of compensable work, but Defendants only counted and paid her for 41.25 hours, depriving Plaintiff of approximately 2.5 hours of overtime compensation.

b.  During the workweek of June 3, 2024 through June 7, 2024, Plaintiff performed approximately 43.75 hours of compensable work, but Defendants only counted and paid her for 41.25 hours, depriving Plaintiff of approximately 2.5 hours of overtime compensation.

c.  During the workweek of June 9, 2024 through June 14, 2024, Plaintiff performed approximately 56.5 hours of compensable work, but Defendants only counted and paid her for 53.5 hours, depriving Plaintiff of approximately 3 hours of overtime compensation.

d.  During the workweek of July 8, 2024 through July 13, 2024, Plaintiff performed approximately 48.25 hours of compensable work, but Defendants only counted and paid her for 45.25 hours, depriving Plaintiff of approximately 3 hours of overtime compensation.

e.  During the workweek of July 30, 2024 through August 3, 2024, Plaintiff performed approximately 43.75 hours of compensable work, but Defendants only counted and paid her for 41.25 hours, depriving Plaintiff of approximately 2.5 hours of overtime compensation.

f.  During the workweek of February 3, 2025 through February 7, 2025, Plaintiff performed approximately 42.75 hours of compensable work, but Defendants only counted and paid her for 40.25 hours, depriving Plaintiff of approximately 2.5 hours of overtime compensation.

g.  During the workweek of February 25, 2025 to March 1, 2025, Plaintiff performed approximately 47.75 hours of compensable work, but Defendants

only counted and paid her for 44.75 hours, depriving Plaintiff of approximately

3 hours of overtime compensation.

h. During the workweek of March 3, 2025 to March 7, 2025, Plaintiff performed

approximately 45.25 hours of compensable work, but Defendants only counted

and paid her for 42.75 hours, depriving Plaintiff of approximately 2.5 hours of

overtime compensation.

71.    At all times material hereto, Defendants were and are aware of the time spent by

Plaintiff and Class Plaintiffs performing pre-guard-mount and post-changeover activities.

72.    Furthermore, Defendants knew that the uncompensated time regularly caused

Plaintiff's and, upon information and belief, Class Plaintiffs' working hours to exceed 40 hours in

a workweek or occurred during workweeks in which Plaintiff's and, upon information and belief,

Class Plaintiffs' working hours exceeded 40 hours.

73.    Plaintiff and Class Plaintiffs do not qualify for any exemptions from overtime under

the FLSA/PMWA.

74.    Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA and

PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation

for *all* hours they worked over 40 in a workweek.

75.    Defendants violated the FLSA, PMWA, and PWTO by failing to track and record

all time that Plaintiff and Class Plaintiffs performed compensable work and by failing to properly

pay Plaintiff and Class Plaintiffs earned and owed overtime compensation.

76.    As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs

have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
## & FAILURE TO TRACK/RECORD ALL HOURS WORKED

77.     Paragraphs 1 through 76 are hereby incorporated by reference as though the same were fully set forth at length herein.

78.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

79.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked over 40 hours per workweek.

80.     Defendants failed to track and count time Plaintiff and Class Plaintiffs performed required pre-guard-mount and post-changeover work activities towards their total hours worked.

81.     As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for *all* time that they worked over 40 in a workweek at 1.5 times their regular rate of pay.

82.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

83.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

84.     Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs;

A.  An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.  An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of current and former non-exempt employees of Defendants who, at any point in the last three (3) years, held the position of Security Officer, Security Guard, or positions with substantially similar job duties and were subject to Defendants' policy requiring the performance of work tasks before and after the periods of time that Defendants counted towards their total hours worked, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not properly paid overtime compensation at 1.5 times their regular rate of pay for all hours worked, including but not limited to time spent performing compensable pre-guard-mount and post-changeover work activities, as required by the FLSA;

C.  Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.  Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of 40 hours per week;

E.  Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.   Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.   Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.   Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.   Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiff(s) by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.   For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968 ("PMWA")**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
**& FAILURE TO TRACK/RECORD ALL HOURS WORKED**

85.   Paragraphs 1 through 84 are hereby incorporated by reference as though the same were fully set forth at length herein.

86.   The PWMA provides that employers must pay certain "minimum wages," including overtime wages, to their employees. *See* 43 P.S. § 333.104.

87.   The PMWA further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of 40 hours in a workweek. *See* id.

88. By their actions alleged above, Defendants have violated the PMWA by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for *all* hours worked.

89. As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PHILADELPHIA WAGE THEFT ORDINANCE**
**Phila. Code § 9-4301 *et seq.***
**WAGE THEFT**

90. Paragraphs 1 through 89 are hereby incorporated by reference as if the same were fully set forth at length herein.

91.     The PWTO prohibits employers from engaging in "wage theft" which "means a violation of . . . any other federal or state law regulating the payment of wages, where the work is performed in Philadelphia or the employment contract underlying the violation is made in Philadelphia." Phila. Code § 9-4301.

92.     The PWTO authorizes employees to file civil actions in court against employers for wage theft violations involving willful misconduct and to seek relief including but not limited to employer to pay the unpaid wages due with interest, liquidated damages in an amount equal to the unpaid wages or $500 (whichever is greater), and attorney's fees and costs. *See* Phila. Code §§ 9-4305, 4307.

93.     As described at length above, Defendants have engaged in willful and unlawful wage theft under the PWTO by failing to properly pay Plaintiff and Class Plaintiffs overtime, in violation of state and federal wage laws, the FLSA and PMWA.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs in liquidated damages in an amount equal to the unpaid overtime compensation or $500 (whichever is greater),

D.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the PWTO; and

E.  An award to Plaintiff and Class Plaintiffs for any other damages available to them

under the PWTO or applicable, and all such other relief as this Court may deem proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _/s/ Jake D. Novelli, Esq._

Jake Daniel Novelli, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
_Attorneys for Plaintiff_

Dated: January 7, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.